**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| In Re: ) | |
| ) | |
| **SOMERVILLE BREWING COMPANY** ) | **Chapter 11** |
| ) | **Case No. 19-13300-FJB** |
| **DEBTOR** ) | |
| ) | |

**DEBTOR'S MOTION FOR INTERIM AND FINAL AUTHORIZATION**
**TO USE CASH AND NON-CASH COLLATERAL**
**AND REQUEST FOR EMERGENCY DETERMINATION**
**(Request for hearing on October 2, 2019)**

NOW COMES the debtor and debtor-in-possession, Somerville Brewing Company ("Debtor" and/or "Somerville Brewing") and, pursuant to 11 U.S.C § 363(b)(1) and Fed. R. Bankr. P. 4001(b), respectfully moves this Honorable Court for an interim order authorizing the Debtor's use of cash and non-cash collateral (hereafter "Cash Collateral") as is necessary for the continuation of its business operations during the course of these Chapter 11 proceedings. In support of this Motion, the Debtor states the following:

1. Debtor filed its petition under Chapter 11 of Title 11 of the United States Code on September 27, 2019, and since such date has continued in possession of its property and operation of its business as Debtor-In-Possession pursuant to 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code since the Petition Date.

2. The Debtor is a Delaware corporation organized on or about January 10, 2011 and registered to do business in Massachusetts on March 30, 2011. The location of the principal office is 15 Ward Street, Somerville, Massachusetts.

3. The Debtor operates in two locations, a brewery and tap room at 15 Ward Street, Somerville. Massachusetts ("Ward Street") and a brewery and full-service restaurant located in Assembly Row, Somerville, Massachusetts ("Assembly Row").

4. The Debtor opened the Ward Street location in 2015 and is a small brewing company which produces a wide variety of traditional and experimental Slumbrew brand beer styles. Thereafter, also in 2015, the Debtor operated the American Fresh Brewhouse, first as an outdoor tap room located in Assembly Row and later, in 2017, opening its brewery and full-service restaurant. The Debtor manufactures and distributes its beers nationally, locally and regionally including draft beers, 4-packs and growlers. The beer selection includes a large portfolio of Porters, India Pale Ales, Wheat Beers and a variety of other popular beers such as New England IPAs and Sour ales.

1

5. The Debtor's Chapter 11 filing was necessitated due to cash flow shortages largely as a result of the significant expenditures for the buildout of the Assembly Row location, and the related debt service which caused the Debtor to fall behind in the payment of the rent for that location. Numerous efforts to refinance the debt being carried by the Debtor to increase the cash flow by reducing the debt service were unsuccessful. In addition, the Debtor sought to restructure the rent arrears with the Assembly Square landlord. These efforts were unsuccessful as the landlord declined to work out a repayment plan for the rent arrears rather, advised that it intended to take actions as provided for under the lease with respect to the default.

6. The Debtor requests the use of the pre-petition cash and non-cash collateral in order to continue to operate its business and to pay obligations in the ordinary course of business while it undertakes a reorganization of its business affairs.

7. The Debtor requests a preliminary hearing on an emergency basis on this Motion on or by October 2, 2019 in order to be able to pay for the inventory and materials which are ordered and needed for the operation of the business as well as to pay its employee's tips as well as pre-petition wages and the expenses necessary for the operation of the business. Failure to do so will result in immediate and irreparable harm to the estate.

8. For the purposes of this Motion, and without prejudice to the Debtor's right to obtain further or additional evidence of value, the Debtor has cash on hand in the sum of $33,482.85 and accounts receivable of $3,966.75 for a total of $37,449.60. In addition, the Debtor believes that the value of its physical assets are as follows:

Property, Plant & Equipment

| | |
|---|---|
| Brewery Equipment | $359,224 |
| Restaurant Equipment | $71,125 |
| Kegs and Cooperage | $112,630 |
| Furniture & Office Equipment | $ 29,091 |
| Inventory | |
| perishable | $52,870 |
| non-perishable | $15,135 |
| Total | $640,075 |

There are approximately eight (8) capital leases for equipment which has a value of approximately $123,344 and a Chevrolet Box Delivery Truck with a fair market value of $2,750.

In addition to the above noted, the Debtor has considerable intangible assets of value including in excess of $1,436,290 in leasehold improvements (two full brewery operations, two tap rooms and a full scale restaurant seating 136) which have a significant value as well as the branded beer, the distribution routes for the branded beer, a loyal running club with over 70 members, the websites, goodwill and name recognition of the branded beer and restaurant.
The values set forth above are the Debtors opinion of both the Debtors physical and intangible assets which value is in excess of $2,113,800.00.

2

9. Based upon the information available at the Commonwealth of Massachusetts, Office of the Secretary of State and the State of Delaware, Secretary of State and subject to confirmation through a review of loan documents the following hold liens on all assets of the Debtor are:

i. <u>Cambridge Trust Company ("CTC")</u>. There are presently four (4) loans outstanding to the Cambridge Trust Company which total $183,331.08 The loans are secured by all assets of the Debtor as reflected in the UCC-1 Financing Statements filed on April 29, 2014 and October 10, 2014. CTC is the holder of the first priority secured lien.

ii. <u>Mass Growth Capital Growth Corporation</u>. ("MGCG"). MGCG filed a UCC-1 Financing Statement dated June 30, 2016 and is the holder of the second priority secured lien holder on all assets of the Debtor. MGCG is owed the sum of $464,874.85.

iii. <u>Federal Realty Investment Trust. ("FRIT")</u>. FRIT holds the third priority secured lien holder on all assets of the Debtor. FRIT is the landlord of the Assembly Square location and are owed the sum of $391,672.32 for the buildout of the location. FRIT filed a UCC-1 Financing Statement on November 29, 2017 with the Delaware Secretary of State and recorded a Leasehold Mortgage Deed and Security Agreement and UCC-1 Fixture Filing for the Assembly Row location at the Middlesex South Registry of Deeds on December 12, 2017 at Book 70370, Page 219.

iv. <u>Financial Service Agents</u>, upon information and belief, the designee or assignee of On Deck Capital ("On Deck"). On Deck holds the fourth priority secured lien on all assets of the Debtor. On Deck has two notes, (i) a Term Note dated May 18, 2018 with an outstanding balance of $76,638.42, and (ii) a Line of Credit dated March 29, 2019 which sum is outstanding in the amount of $47,696.63. A UCC-1 Financing Statement was filed on November 6, 2018 for the Term Note. There is no UCC-1 Financing with regard to the Line of Credit filed.

v. <u>American Express National Bank</u> ("AMX") Sixth priority secured lien holder: has a UCC-1 Financing Statement dated April 22, 2019 on all assets of the Debtor to secure an obligation outstanding in the sum of $24,374.71.

vi. <u>Commonwealth of Massachusetts, Department of Unemployment Assistance.</u> ("DUA"). The DUA filed a Notice of Lien December 24, 2018 for the sum $6,690.86.

The total sums due to creditors holding security interests in "all assets" of the Debtor is approximately $1,225,943.82.

3

10. Based upon the information available at the Commonwealth of Massachusetts, Office of the Secretary of State and the State of Delaware, Secretary of State and subject to confirmation through a review of loan documents the following hold liens on specific assets of the Debtor or for assets leased to the Debtor (both true leases and capital leases). The creditors asserting claims as to specific equipment and machinery are as follows:

i. Corp. Service Company as Representative ("CSC"). CSC filed a UCC-1 Financing Statement on October 10, 2014 with an expiration date of October 10, 2019. CSC was the representative for iFinancial Group for the capital lease of certain brewing equipment located at the Ward Street location. The payments due under the capital lease have been paid in full and there is no remaining obligation due.

ii. Marlin Business Bank ("MBB"). MBB filed a UCC-1 Financing Statement on December 24, 2014. MBB asserts that this is a "true lease" and not a capital lease for equipment including the ice machine, ice bin, sandwich unit, convection oven, refrigerator and freezer at the Ward Street location. The Debtor reserves the right to review the lease documents in connection with the determination of whether MBB has a true lease or a capital lease for the collateral identified in the UCC-1 Financing Statement. The payments due under the lease have been paid in full and there is no remaining obligation due.

iii. CT Corporation as Representative ("CTC"). CTC filed a UCC-1 Financing Statement on April 11, 2016 with an expiration date of October 10, 2019. The UCC refers to the capital lease obligation of iFinancial Group for the lease/ purchase of certain brewing equipment. CTC has been paid in full and there is no remaining obligation due.

iv. M2 Lease Funds, LLC ("M2Lease"). M2Lease filed a UCC-1 Financing Statement on December 16, 2016 for the capital lease of certain brewing equipment consisting of inter alia, certain compressors, restaurant equipment, canning and labeling equipment located at Assembly Row. The sum outstanding is approximately $17,995.

v. M2 Lease Funds, LLC ("M24Lease"). M2Lease filed a UCC-1 Financing Statement on April 12, 2017 for the capital lease of certain brewing equipment consisting of inter alia, a Brewery Chiller and Pilot Pro Electric Base is located at Ward Street. The sum outstanding is approximately $11,472.02.

vi. Financial Pacific Leasing ("FPL"). FPL filed a UCC-1 Financing Statement on June 14, 2017 for the capital lease of certain brewing equipment consisting of inter alia Brite Tanks, Fermenter, Tall Walk in Cooler. The sum outstanding is approximately $17,876.12.

vii. Crestmark Vendor Finance ("CEF") FPL filed a UCC-1 Financing Statement on February 6, 2019 for the capital lease of certain brewing equipment consisting of inter alia Franke Beer Kegs. The outstanding balance is approximately $99,207.83.

12. In the course of its operations, the Debtor-In-Possession requests the use of the pre-petition cash and non-cash collateral in order to continue to operate its business which is to operate both of the brewery locations, the tap room and the restaurant located as Assembly Row as well as to service the distribution of its beer products. In accordance with the requirements of 11 U.S.C. Section 363(c)(4), the cash proceeds of the debtor's operations will be segregated in a separate bank account until such time as the debtor is authorized to utilize same.

13. Debtor-In-Possession has no source of income other than the proceeds from the operation of its brewery, tap room and restaurant operations. If it is not permitted to use such proceeds it will have to close down its operations forthwith without paying its employees, and without replacing any of its inventory and other materials necessary to operate.

14. The Debtor-In-Possession requests an emergency and preliminary hearing on this Motion on October 2, 2019 and not on September 30, 2019 or October 1, 2019 in order to be able to purchase inventory and perishable food and brewery products which are delivered on a daily basis as failure to be able to obtain same could present the possibility of closing down or curtailing operations and the consequent immediate and irreparable harm to the estate which must be avoided. In addition, employees are to be paid on October 2, 2019 for tips generated from September 26 through September 29, 2019. Wages are to be paid for the period September 23, 2019 through October 6, 2019 with the ACH deduction by the payroll service on October 9, 2019 for payroll and payroll related taxes. There are 63 employees (44 who are hourly part-time and 19 who are full-time) who are to be paid on a bi-weekly basis thereafter. A detailed explanation of the payroll matters is contained in the Debtor's Emergency Motion to Pay Pre-Petition Wages and Payroll-Related Tax Obligations which is being filed concurrently with this Motion.

15. The Debtor is seeking on an interim and emergency basis, the use of cash collateral from the Petition Date through October 31, 2019 in the amount of approximately $280,000 in accordance with the proposed cash flow budget[1] with a continued and final hearing within a reasonable time thereafter. The sums requested are based upon historical and projected income and expenses for the company. The proposed cash flow budget is attached as Exhibit A.

16. The Debtor shall grant replacement liens on the cash proceeds from sales and other collateral acquired by the Debtor after the petition date of the same type, nature or description encompassed within their pre-petition security interests with such liens to be of the same priority as their perfected, pre-petition lien.

17. Debtor has no unencumbered assets to fund post-petition operation of its business, pay expenses, purchase inventory or pay its employees. Debtor states that it is unable to obtain, in the ordinary course of business or otherwise, unsecured credit allowable under Section 502(b)(1) of the Bankruptcy Code as an administrative expense.

18. The Debtor believes that its continued operation is in the best interest of the estate in that it will preserve its going concern value, thereby increasing the likelihood of reorganization

---

[1] The Budget includes income and expenses for the two (2) days in September and for the month of October. Thereafter, budgets will be filed based upon projected monthly income and expenses.

and minimizing the disruption to its business caused by the Chapter 11 filing. The in-place value of the collateral substantially exceeds the liquidation value of its assets.

19. The above noted creditors are adequately protected, as the value of the collateral will not be diminished by the use of the Collateral. In the event that the Debtors assets were to be liquidated, the value of the collateral would be significantly diminished.

## NOTICE

20. The Debtor shall serve this Motion by electronic, fax and/or mail on any entity with an interest in the cash and non-cash collateral including all secured creditors and to the twenty largest unsecured creditors, taxing authorities and the United States Trustee.

## EMERGENCY DETERMINATION REQUESTED
## WITH REQUEST FOR HEARING ON OCTOBER 2, 2019

21. The Debtor requires an emergency hearing on the within Motion for Use of Cash and Non-Cash Collateral as it is unable otherwise to pay for delivery and shipment of its products which are delivered daily on a cash on delivery (COD) basis or to conduct any business whatsoever and in order to meet the payment of its tip obligations to employees which sums are due to be electronically withdrawn by the payroll service on October 2, 2019 and paid to employees by direct deposits.

22. In addition, the Debtor requires an immediate hearing on the within Motion to continue to operate the business and to avoid the Debtor ceasing operations which will result in the cessation of business and the layoff of its employees.

23. The obligations to the creditors asserting security are adequately protected as the value of the collateral exceeds the value of the secured claims and shall not be diminished as the Debtor continues to operate.

## PROPOSED ADEQUATE PROTECTION

24. The Debtor proposes to provide adequate protection to its secured creditors as they are entitled to under §363(e) of the Code, of their interest in the respective prepetition collateral by granting adequate protection liens, effective and perfected as of the Petition Date and without the necessity of the execution by the Debtor of security agreements, pledge agreements, financing statements or other agreements, a valid and perfected replacement security interest in, and lien on the Collateral which Adequate Protection Liens shall be *pari passu* to the prepetition liens, such that each of the secured creditors shall have a replacement lien on the post-petition Collateral to the same extent, validity, enforceability and priority as its lien on the Debtor's pre-petition assets.

25. For purposes of this Motion and Order, the term "Collateral" shall include, without limitation, all prepetition and post- petition assets and properties (tangible, intangible, real, personal, and mixed) of the Debtor of any kind or nature, whether now existing or newly acquired or arising, and wherever located including, without limitation, all Collateral (as such term is defined in the Prepetition Loan Documents), all cash and non-cash collateral and its proceeds, rents, products, substitutions, accessions and profits of all of the foregoing, provided that in accordance with MLBR 4001-2(c)(3). The Collateral shall not include causes of action brought pursuant to §§ 506(c), 544, 547, 548 and 549 of the Code (the "Avoidance Actions") and recoveries upon such causes of action.

26. The Debtor seeks authorization on an interim and final basis to the use of cash and non-cash collateral by granting the aforenoted creditors Adequate Protection Liens and other rights pursuant to §§ 361, 362, and 363 of the Code with respect to the Debtor's use of Cash Collateral as provided for under the pre-petition loan documents of the respective creditors, and in accordance with Rule 400l (b)(2) and (d)(3) of the Federal Rules of Bankruptcy Procedure (the "Rules") for the period through confirmation of a Plan of Reorganization.

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

A. Scheduling an emergency hearing on October 2, 2019 for consideration of the Debtor's authorization to use cash collateral.

B. Finding that Debtor has given reasonable and adequate notice of this Motion and the hearing thereon to any entity with an interest in the cash and non-cash collateral including all secured creditors and to the twenty largest unsecured creditors, taxing authorities and the United States Trustee by electronic, fax and/or mail on.

C. Authorizing the Debtor to use cash and non-cash collateral on an interim and final basis in accordance with the Budget projection attached hereto, without prejudice to the Debtor's right to seek to modify such order upon proper notice and hearing; and

D. Granting the creditors identified herein with replacement liens in the same amount and with the same priority as were enjoyed prior to the Petition Date as set forth above; and

    E.  Granting this Motion together with such additional relief as the Court deems appropriate under the circumstances.

                                      Respectfully submitted,
                                      Somerville Brewing Company
                                      By its attorney,

Dated:  September 27, 2019          <u>/s/ Nina M. Parker</u>
                                      Nina M. Parker (BBO #389990)
                                      Marques C. Lipton (BBO #676087)
                                      Parker & Lipton
                                      Parker & Associates LLC
                                      10 Converse Place, Suite 201
                                      Winchester, MA 01890
                                      (781)729-0005
                                      nparker@parkerlipton.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| In Re: ) | |
| ) | |
| **SOMERVILLE BREWING COMPANY** ) | **Chapter 11** |
| ) | **Case No. 19-13300-FJB** |
| **DEBTOR** ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I, Nina M. Parker, do hereby certify that I have given either electronic notice, fax notice, and/or mailed, postage prepaid, copies of **Debtor's Motion for Interim and Final Authorization to Use Cash and Non-Cash Collateral and Request for Emergency Determination (Request for hearing on October 2, 2019)** to the parties listed on the annexed service list.

/s/ Nina M. Parker
Nina M. Parker (BBO #389990)
Marques C. Lipton (BBO #676087)
Parker & Lipton
Parker & Associates LLC
10 Converse Place, Suite 201
Winchester, MA 01890
(781)729-0005
nparker@parkerlipton.com

DATED:     September 27, 2019

**Electronic Mail Notice List**

- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV

**Via Manual Notice**

American Express National Bank
4315 South 2700 West
Salt Lake City, UT 84184

Amy Chan
8 Boundary Terrace, Lwr North Apt #1
Devonshire, FL02    Bermuda

Ascentium Capital LLC
23970 Hwy 59 N
Kingwood, TX 77339

Bill Bailey
30 North Shore Road
Smiths, FL03    Bermuda

Cambridge Trust Company
1336 Massachusetts Avenue
Cambridge, MA 02138

Cambridge Trust Company
P.O. Box 380186
Cambridge, MA 02238

City of Somerville
Office of Strategic Planning
and Community Development
93 Highland Avenue
Somerville, MA 02143

Corporation Service Company
As Representative for Ascentium
P.O. Box 2576
Springfield, IL 62708

Crestmark Vendor Finance
5480 Corporate Drive, Ste. 350
Troy, MI 48098

CT Corporation System
As Representative of Ascentium Capital
330 N. Brand Boulevard, Suite 700
Attn: SPRS
Glendale, CA 91203

Department of Unemployment Assistance
Charles F. Hurley Building
19 Staniford Street
Boston, MA 02114

Eric Haller
Gwen Haller
19 North Shore Road
Hamilton FL04   Bermuda

Eversource
P.O. Box 56007
Boston, MA 02205

Federal Realty Investment Trust
1626 East Jefferson Street
Rockville, MD 20852

Financial Agent Services
P.O. Box 2576
Springfield, IL 62708

Financial Pacific Leasing
P.O. Box 4568
Federal Way, WA 98063

Financial Pacific Leasing, Inc.
3455 S. 344th Way
Auburn, WA 98001

Gennari Aronson, LLP
250 First Avenue, Suite 200
Needham Heights, MA 02494

Horace-Ward, LLC
15 Ward Street
Somerville, MA 02143

IFinancial Group
324 Avenida De La Estrella
San Clemente, CA 92672

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101

Internal Revenue Service
15 New Sudbury Street
M/S 20800
Boston, MA  02203

James Clark
c/o JLS Mailing Services
672 Crescent Street
Brockton, MA 02302

Kathleen A. Kennedy 2000 Trust
c/o Marty Whalen and Kathleen Kennedy
472 East County Road 1000 North
La Porte IN 46350-0000

Lifting Mind Inc.
36 Glen Road
Winchester, MA 01890

Lisa LeBlanc
9 Loquat Lane
Smiths, FL08        Bermuda

M2 Lease Funds, LLC
175 N. Patrick Boulevard, Ste. 140
Brookfield, WI 53045

Marlin Business Bank
2795 E. Cottonwood Parkway
Salt Lake City, UT 84121

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

Massachusetts Growth Capital Corporation
Schrafft's City Center
529 Main Street, Suite 201
Charlestown, MA 02129

McDermott, Quilty and Miller LLP
28 State Street, Ste. 802
Boston, MA 02109

Melissa Morton
140 Broadway
New York, NY 10005

Micahel Fox
Cloverdale #16
60 South Road
Devnonshire, FL05      Bermuda

Michael McNeil
Mary Jo McNeil
48 Dunstable Road
Westford, MA 01886

Michael Warren Benson
Burnbridge
11 Gibbs Hill Road
Southampton, SN02      Bermuda

OnDeck Capital
Attn:  Director of Operations
901 N. Stuart Street, Ste. 700
Arlington, VA 22203

Performance Food Service
P.O. Box 3024
Springfield, MA 01104

Rick McNeil
Carol McNeil
48 Dunstable Road
Westford, MA 01886

River Drive
600 Narragansett Tri
Buxton, ME 04093

Russel O'Brian
c/o JLS Mailing Services
672 Crescent Street
Brockton, MA 02302

Street Retail, Inc.
Lockbox #9320
P.O. Box 8500
Philadelphia, PA 19178

The O'Keefe Group, Inc.
17 Bank Street
P.O. Box 1240
Attleboro, MA 02703

Tonneson and Company
401 Edgewater Place, Suite 300
Wakefield, MA 01880