UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

_____
In Re:                              )
                                    )
SOMERVILLE BREWING COMPANY          )    Chapter 11
                                    )    Case No. 19-13300-FJB
DEBTOR                              )
_____)

### LIMITED OBJECTION OF MASSACHUSETS GROWTH CAPITAL CORPORATION TO DEBTOR'S MOTION FOR INTERIM AND FINAL AUTHORIZATIONTO USE CASH AND NON-CASH COLLATERAL

Massachusetts Growth Capital Corporation ("MGCC"), a secured creditor of Somerville Brewing Company, the above-captioned Chapter 11 Debtor, hereby objects, on the limited basis set forth below, to the *Debtor's Motion for Interim and Final Authorization to Use Cash and Non-Cash Collateral and Request for Emergency Determination* (the "Cash Collateral Motion") [Docket No. 6]. MGCC states as follows in support of its objection:

1. MGCC holds a second priority security interest in all of the assets of the Debtor junior only to the security interest held by Cambridge Trust Company and to property perfected purchase money security interests in equipment of the Debtor, if any. MGCC's security interest is described in paragraph 9 ii. of the Cash Collateral Motion.

2. The Debtor proposes in paragraph 24 of the Cash Collateral Motion adequate protection as follows:

> 24. The Debtor proposes to provide adequate protection to its secured creditors as they are entitled to under §363(e) of the Code, of their interest in the respective prepetition collateral by granting adequate protection liens, effective and perfected as of the Petition Date and without the necessity of the execution by the Debtor of security agreements, pledge agreements, financing statements or other agreements, a valid and perfected replacement security interest in, and lien on the Collateral which Adequate Protection Liens shall be *pari passu* to the prepetition liens, such

1

that each of the secured creditors shall have a replacement lien on the post-petition Collateral to the same extent, validity, enforceability and priority as its lien on the Debtor's pre-petition assets.

3. The term *pari passu* generally describes a situation where equal rights are shared by different claims and where everyone is favored equally. It is not applicable to the granting of adequate protection in the form of replacement liens to lien holders with different priorities in the same collateral. The priority of post-petition replacement liens should be in the same priority of the pre-petition liens of such secured creditors of the Debtor. The *pari passu* language should either be clarified or not included in any order of the Court granting replacement liens.

4. The Debtor has not provided, with the Cash Collateral Motion, any proposed form of order granting adequate protection to its secured creditors such as MGCC. MGCC reserves its rights to object to any form of order granting adequate protection that may be presented by the Debtor at the emergency hearing scheduled for October 3, 2019.

5. MGCC hereby also reserves its rights to object to any proposed final order authorizing the Debtor to use cash collateral in the event that such order does not provide adequate protection to MGCC in the manner that MGCC deems necessary to adequately protect its interest in its collateral, including, if MGCC deems necessary, monthly payments to be applied against MGCC's secured claim and sufficient replacement liens and security interests. MGCC reserves all of its rights and remedies regarding the Debtor.

Dated: October 1, 2019

Respectfully submitted,
MASSACHUSETTS GROWTH
CAPITAL CORPORATION
By its attorney,

 /s/ James M. Liston
James M. Liston (BBO # 301750)
jml@bostonbusinesslaw.com
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA  02110
Tel. (617) 422-0200