UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In Re:** ) | |
| ) | |
| **SOMERVILLE BREWING COMPANY** ) | **Chapter 11** |
| ) | **Case No.  19-13300-FJB** |
| **DEBTOR** ) | |
| ) | |

**ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL PURSUANT TO
SECTION 363 OF BANKRUPTCY CODE AND PROVIDING ADEQUATE
PROTECTION PURSUANT TO SECTIONS 361, 362, AND 363 OF BANKRUPTCY
CODE AND
SCHEDULING FURTHER HEARING**

Upon the preliminary hearing on the Debtor's Emergency Motion for Interim and Final

Authorization to Use Cash and Non-Cash Collateral (the "Motion"), filed on September 27, 2019

by Somerville Brewing Company ("Somerville Brewing" or "Debtor") and there having been

one (1) limited Objection filed by Massachusetts Growth Capital Corporation ("MGCC") and

having filed  a Response to the Limited Objection of MGCC "); and the Debtor having circulated

to the United States Trustee and counsel to MGCC a proposed form of Order authorizing interim

use of cash collateral through ~~October~~ November 4, 2019; and upon  consideration thereof,

that:

1.   The Debtor is authorized  to use Cash and Non-Cash Collateral pursuant to 11

U.S.C. § 363 on an interim basis and in amounts as set forth in the Budget

attached to the Motion through- ~~October~~ November 4 2019 and thereafter in accordance

with the any further Supplemental Budget  as may be approved by further order of

the Court;

2.   As adequate protection to its secured creditors, each of the secured creditors of the

Debtor and as identified in the Motion entitled to adequate protection of their

interest in the respective prepetition collateral under §363(e) of the Code are granted adequate protection liens, effective and perfected as of the Petition Date and without the necessity of the execution by the Debtor of security agreements, pledge agreements, financing statements or other agreements, a valid and perfected replacement security interest in, and lien on the Collateral which adequate protection liens shall be replacement liens on the post-petition Collateral to the same extent, validity, enforceability and priority as its lien on the Debtor's pre-petition assets ( "Adequate Protection Liens").

3.  The term "Collateral" shall include, without limitation, all prepetition and post-petition assets and properties (tangible, intangible, real, personal, and mixed) of the Debtor of any kind or nature, whether now existing or newly acquired or hereafter arising, and wherever located including, without limitation, all Collateral (as such term is defined in the Prepetition Loan Documents), all cash and non-cash collateral and its proceeds, rents, products, substitutions, accessions and profits of all of the foregoing, provided that in accordance with MLBR 4001-2(c)(3). The Collateral shall not include causes of action brought pursuant to §§ 506(c), 544, 547, 548 and 549 of the Code (the "Avoidance Actions") and recoveries upon such causes of action.

4.  Nothing contained in the Motion and this Order shall adversely affect or waive any right of any other party in interest, including, without limitation, the rights and claims of any Creditor's Committee, Chapter 7 or Chapter 11 Trustee or of any secured or unsecured creditors of the Debtors to challenge the amount, validity, perfection, priority, extent or enforceability of any liens previously or

herein granted to the secured creditors identified in the Motion, provided, however, that any such challenge shall take place: (i) if by a Creditor's Committee within sixty (60) days of the entry of an order approving the employment of counsel to the Creditor's Committee; and (ii) if by a Chapter 11 or Chapter 7 trustee, within sixty (60) days of the entry of an order approving the employment of counsel to said Chapter 11 or Chapter 7 Trustee.

5.   The terms and provisions of this Interim Order shall control to the extent they conflict in any way with the language in the Motion.

6.   A further hearing is scheduled for ~~October~~ *November 4*, 2019 at *11 AM* a.m./~~p.m.~~ (the "Further Hearing") at Courtroom 1, McCormack Post Office and Court House, 5 Post Office Square, Boston, MA.

7.   The Debtor shall serve a copy of this Order and notice of the Further Hearing (the "Hearing Notice") on all creditors and parties in interest and file a certificate of service on or before *10/4*, 2019 reflecting such notice has been provided.

8.   The Hearing Notice shall state that any creditor or party in interest objecting to the entry of an Order authorizing further use of cash collateral beyond the Specified Period shall file written objections with the Court no later than October *30*, 2019 at 4:30 p.m.

9.   On or before the 15th day of each month, the Debtor shall file (i) a reconciliation comparing, on a line item basis, budgeted amounts to actual receipts and disbursements through the last full week prior to the deadline set forth in this paragraph; and, on or before ~~October~~ *November ~~15 2019~~ 7/13*, a Second Supplemental Budget; and *October 28, 2019*

3

(iii) a proposed form of order regarding the continued use of cash collateral.

10.     Service of this Order as described in paragraph 7 shall constitute adequate and proper notice of the Further Hearing. If no objections are filed in accordance with this Interim Order and the Debtor timely files the items set forth in paragraph 9, the Court may authorize further use of cash collateral without the necessity of the Further Hearing.

11.     The provisions of this Interim Order, and the adequate protection liens provided by the Motion as modified by this Interim Order, and any and all rights, remedies, privileges and benefits provided or acknowledged in this Interim Order, and any actions taken pursuant thereto, shall be effective immediately upon entry of this Order pursuant to Rules 6004(h) and 7062.

It is so ordered.

Dated: _____October 2, 2019_____        _____

Honorable Frank J. Bailey
United States Bankruptcy Judge

4