**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In Re: ) | |
| ) | |
| **SOMERVILLE BREWING COMPANY** ) | **Chapter 11** |
| ) | **Case No. 19-13300 FJB** |
| **DEBTOR** ) | |
| ) | |

**MOTION TO DETERMINE ADEQUATE ASSURANCE OF**
**PAYMENT OF UTILITIES IN ACCORDANCE WITH 11 U.S.C. §366**

Somerville Brewing Company, Debtor-In- Possession herein ("Debtor" or "SBC") in the above-captioned case, respectfully requests that the Court enter an order determining adequate assurance of payment required under 11 U.S.C. § 366.

In support of this request, the Debtor respectfully represents:

**I.    BACKGROUND**

1. The Debtor commenced the above-captioned reorganization case by filing a voluntary Chapter 11 petition on September 27, 2019.

2. The Debtor remains in possession of its assets and continues to operate its business a debtor in possession pursuant to 11 U.S.C. §§ 1101(1), 1107(a), and 1108.

3. The Debtor is a Delaware corporation organized on or about January 10, 2011 and registered to do business in Massachusetts on March 30, 2011. The location of the principal office is 15 Ward Street, Somerville, Massachusetts.

4. The Debtor operates in two locations, a brewery and tap room at 15 Ward Street, Somerville. Massachusetts ("Ward Street") and a brewery and full-service restaurant located in Assembly Row, Somerville, Massachusetts ("Assembly Row").

5. At the time of the filing, there were certain arrears owed to the utility companies which serviced the locations. As a result of the commencement of Debtor's Chapter 11 case, the Debtor is unable to pay its utility providers for prepetition gas and electric services.

6. In connection with the operation of its business, the Debtor obtains electricity from Eversource and gas from National Grid ("Utility Suppliers"). Any interruption in these services would seriously disrupt the Debtor's normal day-to-day operations, thereby causing irreparable harm to the business and the reorganization of the Debtor who operates two locations with breweries, tap rooms and a full-service restaurant.

7. Bankruptcy Code Section 366 governs the rights and obligations of utility companies providing services to the Debtor. Section 366 provides as follows:

   a. Except as provided in subsection (b) of this section, a utility may not alter, refuse or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

   b. Such utility may alter, refuse or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

8. Section 366 of the Bankruptcy Code protects a Debtor against termination of its utility service upon the commencement of its Chapter 11 case and simultaneously requires the Debtor to furnish utility companies with adequate assurance of payment for post-petition utility service within twenty (20) days after then entry of an order for relief and applies to entities providing electricity, natural gas, oil, water and telephone services, as well as any other entity that supplies services that cannot be readily obtained or replaced elsewhere, or which constitute a monopoly of the services it provides the Debtor.

9. For purposes of Section 366, "assurance of payment" means (i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor.  The debtor submits that these provisions provide the utility companies with "adequate assurance" of payment.

10. This Motion does not seek to preclude any utility from subsequently seeking from the Court a reasonable modification of this adequate assurance proposal, or from seeking additional deposits or other security necessary to provide adequate assurance of payment, after notice and hearing, pursuant to 11 U.S.C. § 366(b). This Motion simply seeks a judicial determination that the Debtor's offer of adequate assurance precludes a unilateral termination by a utility after the twenty-day period in 11 U.S.C. § 366(b) has lapsed.

11. Uninterrupted utility services are essential to the ongoing operation of the Debtor's business and the preservation of the value thereof.  Should any of the Utility Suppliers refuse or discontinue service, even for a brief period, the Debtor's operations would be forced to shut down.  The impact on the Debtor's business operations would be severe, jeopardizing the Debtor's prospects for reorganization.  Therefore, it is critical that utility services continue uninterrupted.

12. The Debtor submits that it is impracticable and entirely unnecessary to require the Debtor to provide security deposits to the utility companies identified and the Debtor's ability to continue paying for utility services is adequately assured for two reasons. First, the Debtor has adequate liquidity under the proposed budget to pay for post-petition utility services on a current basis. Second, under Section 503(b)(1)(A) of the Bankruptcy Code, post-petition utility charges are actual and necessary expenses of preserving the Debtors' estate, and thus, the utility companies are entitled to an administrative expense priority claim under Section 507(a)(1) of the Bankruptcy Code.

13 Prior to the Petition Date, the average monthly cost of utility was approximately $4,500. The Debtor's average gross monthly revenue totals approximately $220,000. The Debtor believes that the revenues generated by the post-petition operations will enable it to pay the utility company in the ordinary course of business. Moreover, the claims of the Utility Suppliers are sufficiently important that the Debtor has every incentive to continue meeting their obligations to the claimant as they come due.

14. Accordingly, the Debtor moves this Court for immediate entry of an order (a) prohibiting Eversource and National Grid from altering, refusing or discontinuing service on account of outstanding pre-petition obligations, and (b) establishing procedures for determining requests for additional adequate assurance of future payment (the "Order"). The Debtor submits that the following procedure will provide the utility companies with adequate notice and opportunity to be heard:

   a. The Debtor will serve the Order, within three (3) business day of its entry, on the Utility Companies. (For any other utility company that may have been inadvertently omitted from this Motion, the Debtor shall promptly provide notice of the Order upon learning of the existence of such utility company).

   b. The utility companies shall then have thirty (30) days from the date that the Order is entered, or for a utility company that was omitted from Exhibit 1, within thirty (30) days after service of the Order, to request in writing, addressed to the Debtor's counsel, additional assurance of payment from the Debtor in the form of deposits or other security (the "Additional Assurance Request").

   c. If the Debtor and the Utility Companies that made the Additional Assurance Request cannot agree to the amount of such deposit or other security, the Debtor shall promptly request a hearing with respect to determination of adequate assurance as to payment to such Utility Company (the "Determination Hearing").

   d. Pending resolution of its requested Determination Hearing, the objecting Utility Companies shall be prohibited from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for pre-petition services.

15. As part of this Motion, the Debtor requests that prior to any Determination Hearing requested by a utility company, the Debtor shall be entitled to comply with the request made by such utility company without further leave of the Court.

16. By its terms, Section 366(b) of the Bankruptcy Code does not require a Debtor to provide utility companies with the same "adequate protection" as that to which secured creditors may be entitled. Instead, a Debtor need only prove "adequate assurance" that it will in fact pay for post-petition utility services.

**WHEREFORE**, the Debtor requests that the Court enter an order:

1. Approving the method of providing adequate assurance of payment for post-petition utility services as proposed by the Debtor herein;

2. Prohibiting Eversource and National Grid and any other utility company from unilaterally altering, refusing or discontinuing utility services to the Debtor so long as the Debtor is complying with this procedure, subject to subsequent modification by the Court after notice and hearing; and

3. For such other relief as is just and proper.

Respectfully submitted,
Somerville Brewing Company,
By its attorney,

Dated: October 25, 2019

/s/ Nina M. Parker
Nina M. Parker (BBO #389990)
Marques C. Lipton (BBO #676087)
Parker & Lipton
Parker & Associates LLC
10 Converse Place, Suite 201
Winchester, MA 01890
(781)729-0005
nparker@parkerlipton.com

## Exhibit 1

| **Utility Company** | **Offer of Adequate Protection** |
|---|---|
| Eversource | |
| National Grid | |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In Re:** | ) |
| | ) |
| **SOMERVILLE BREWING COMPANY** ) | **Chapter 11** |
| | ) **Case No. 19-** |
| **DEBTOR** ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I, Nina M. Parker, do hereby certify that I have given either electronic notice and/or mailed, postage prepaid, copies of **Motion to Determine Adequate Assurance of Payment of Utilities in Accordance with 11 U.S.C. §366** to the parties listed on the annexed service list.

Dated:  October 25, 2019

/s/ Nina M. Parker
Nina M. Parker (BBO #389990)
Marques C. Lipton (BBO #676087)
Parker & Lipton
Parker & Associates LLC
10 Converse Place, Suite 201
Winchester, MA 01890
(781)729-0005
nparker@parkerlipton.com

**Electronic Mail Notice List**

- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- James C. Fox    jim_fox@riw.com, jcf@riw.com
- James M. Liston    jml@bostonbusinesslaw.com
- Anthony M. Moccia    amoccia@eckertseamans.com
- Rion Vaughan    rmv@riw.com

**Manual Notice List**

Eversource
P.O. Box 56007
Boston MA 02205

National Grid
Attn: Bankruptcy Department
300 Erie Boulevard West
Syracuse NY 13202

**Via Email**

Somerville Brewing Company, c/o Jeffrey Leiter