UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

---------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| **SOMERVILLE BREWING COMPANY** | |
| | Case No. 19-13300 FJB |
| **Debtor.** | |

---------------------------------------------------------------x

### OBJECTION TO DEBTOR'S MOTION TO DETERMINE ADEQUATE ASSURANCE OF PAYMENT OF UTILITIES IN ACCORDANCE WITH 11 U.S.C. § 366

NSTAR Electric Company d/b/a Eversource Energy ("Eversource") by undersigned counsel hereby objects to the Motion to Determine Adequate Assurance of Payment of Utilities in Accordance with 11 U.S.C. § 366, indentified on the docket maintained by this Court as Document ID # 36 (the "Motion"), and respectfully represents as follows:

1. The Debtor commenced this case by a filing a series of Chapter 11 petitions on September 27, 2019.

2. An official committee of unsecured creditors has not been appointed.

3. On October 25, 2019, the Debtor filed the Motion.

4. Eversource provides electric service to the Debtor's operations in Sommerville, Massachusetts. Eversource has determined that the adequate assurance of payment of electric utility service that is satisfactory to Eversource is $5200.

5. Eversource agrees with paragraph 9 of the motion which defines the term "assurance of payment" as (i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security

that is mutually agreed on between the utility and the debtor or the trustee. See 11 U.S.C. § 366(c)(1)(A).

6. The Debtor has offered none of the list of "assurance of payment." Rather, the Motion requests that this Court prohibit Eversource from exercising its rights under 11 U.S.C. § 366 in exchange for a $-0- deposit.

7. In lieu of "assurance of payment" as defined in 11 U.S.C. § 366(c)(1)(A), the Debtor asks this Court to do what the statute forbids, which is to compel Eversource to continue uninterrupted service with only an administrative expense priority. 1 U.S.C. § 366(c)(B) provides: "For purposes of this subsection an administrative expense priority shall not constitute an assurance of payment." Moreover, 11 U.S.C. § 366(c)(3)(iii) provides: "In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider...the availability of an administrative expense priority."

8. Eversource respectfully requests that the Debtor comply with the statute and tender adequate assurance of payment in the sum of $5200.

WHEREFORE, Eversource respectfully request that the Motion be denied.

Dated: October 28, 2019

                      NSTAR ELECTRIC COMPANY
                      d/b/a EVERSOURCE ENERGY

By:   *Honor S. Heath*
       Honor S. Heath, Esq. (BBO No. 677537)
       Eversource Energy Legal Department
       107 Selden Street
       Berlin, CT  06037
       Phone: 860.665.4865
       Email: honor.heath@eversource.com

CERTIFICATION

       I hereby certify that the foregoing motion was filed electronically, and therefore will be sent by email to those receiving email notices from the Court's electronic filing system. I further certify that I caused copies of the foregoing to be sent via electronic mail to Debtor's counsel and all entities for which an email address was provided on the Certificate of Service filed by the Debtor on October 25, 2019 (Doc ID # 36) and mailed a copy by prepaid first class U.S. Mail to the remaining physical addresses listed on the same document this 28th day of October, 2019.

John Fitzgerald USTPRegion01.BO.ECF@USDOJ.GOV
James C. Fox jim_fox@riw.com, jcf@riw.com
James M. Liston jml@bostonbusinesslaw.com
Anthony M. Moccia amoccia@eckertseamans.com
Rion Vaughan rmv@riw.com
Nina Parker nparker@parkerlipton.com
Christopher Aronson Christopher.Aronson@nationalgrid.com

## Manual Notice List

National Grid
Attn: Bankruptcy Department
300 Erie Boulevard West
Syracuse NY 13202


                                          *Honor S. Heath*
                                          Honor S. Heath