**United States Bankruptcy Court**
**District of Massachusetts**

**Case No. 19-13300-FJB**

In Re:

**SOMERVILLE BREWING COMPANY,**

**DEBTOR**

## PETITIONERS' MOTION TO VACATE AUTOMATIC STAY

Petitioners and Creditors, William Tauro and Marissa L. Tauro (hereinafter "Petitioners"), hereby file this motion to vacate the automatic stay issued by this United States Bankruptcy Court on behalf of Somerville Brewing Company, who is a listed defendant in Middlesex County Superior Court- Woburn, Docket Number 1881CV02227.

On August 3, 2018, Petitioners commenced their lawsuit against Somerville Brewing Company d/b/a American Fresh Brewhouse Beer Garden as well as against: Jeff Leiter, personally and as President of Somerville Brewing Company and Manager of American Fresh Brewhouse, LLC; American Fresh Brewhouse, LLC; and Caitlin M. Jewell, Manager/Licensee of American Fresh Brewhouse, LLC and American Fresh Brewhouse Beer Garden (defendants hereinafter collectively referred to as "Defendants") (see **Attachment #1**). Because Somerville Brewing Company is a listed defendant in Middlesex County Docket Number 1881CV02227, an automatic stay was issued for Petitioners' case as defendant and debtor, Somerville Brewing Company, filed for Chapter 11 Bankruptcy on September 27, 2019.

Petitioners were issued notice of both Somerville Brewing Company's Bankruptcy filing and the automatic stay for their claim on October 11, 2019 (see **Attachment #2**). Petitioners are requesting that this court vacate the automatic stay because the Defendants' have insurance

1

coverage under a $1,000,000/$2,000,000 insurance policy (see **Attachment #3**).  The policy

limits are expected to cover Petitioners' damages against Defendants in Middlesex County

Superior Court Docket Number 1881CV02227.

Wherefore, Petitioners seek vacation of the automatic stay for their claim against

Somerville Brewing Company  up to the policy limits insuring Somerville Brewing Company.

By the Attorney for the Petitioners

Anthony Gargano, Esquire  BBO#: 185540
H. Brooks Whelan, Jr. Esq. BBO#: 524440
Eric Hight, Esq. Of Counsel, BBO#:
149 Cambridge Street
Cambridge, MA 02141
Telephone: (617) 876-6780 / Facsimile': (617) 8686765

## CERTIFICATE OF SERVICE

Now comes the attorney for the Petitioners, William Tauro and Marissa M. Tauro, who certifies that he has served the above Motion to Vacate the Automatic Stay on November **4** , 2019 via first-class mail, postage prepaid, to:


Bankruptcy Trustee:
John P. Fitzgerald III
Assistant United States Trustee
Office of The United States Trustee
5 Post Office Square, Suite 1000
Boston, MA 02109-3934

Debtor's Attorney in Middlesex County Superior Court:
Daniel S. McInnis, Esquire
The Hanover Law Group
225 Friend Street, Suite 505
Boston, MA 02114

Debtor's Attorney in United States Bankruptcy Court:
Nina M. Parker, Esquire
Parker & Associates LLC
10 Converse Place, Suite 201
Winchester, MA 01890


Anthony Gargano, Esquire  BBO#: 185540
H. Brooks Whelan, Jr., Esq. BBO#: 524440
Eric Hight, Esq. Of Counsel, BBO#:
149 Cambridge Street
Cambridge, MA 02141
Telephone: (617) 876-6780 / Facsimile': (617) 8686765

# ATTACHMENT #1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX,ss.

TRIAL COURT DEPARTMENT
SUPERIOR COURT
DOCKET No.   18-2227

WILLIAM TAURO,  and
MARISA L. TAURO,
      Plaintiffs

SOMERVILLE BREWING COMPANY,
d/b/a  AMERICAN FRESH
BREWHOUSE BEER GARDEN

and

AMERICAN FRESH BREWHOUSE,
LLC,

and

CAITLIN M. JEWELL,
Manager/Licensee of American Fresh
Brewhouse, LLC, and American Fresh
Brewhouse Beer Garden

and

JEFF LEITER, personally and as President
of Somerville Brewing Company, and
Manager of American Fresh Brewhouse,
LLC.

    Defendants



**COMPLAINT**

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

AUG 0 3 2018

CLERK

In this complaint William Tauro files dram shop and negligence claims against Somerville

Brewing Company, its agents, servants and/or employees, doing business as the American Fresh

Brewhouse, LLC doing business as the American Fresh Brewhouse Beer Garden. William Tauro files

dram shop and negligence claims against Caitlin Jewell the manager and liquor license holder of

American Fresh Brewhouse, LLC, and American Fresh Brewhouse Beer Garden. William Tauro files

civil assault, negligence and destruction of personal property claims against Jeff Leiter. Marisa L. Tauro

files a loss of consortium claim against all of the above listed defendants jointly and severally.

Facts

1. The first plaintiff is William Tauro, legal age, who resides at 60 Ferncroft Road, Tewksbury Massachusetts.

2. The second plaintiff is Marisa L. Tauro, legal age, the spouse of the first plaintiff William Tauro who resides, with William Tauro, at 60 Ferncroft Road, Tewksbury Massachusetts.

3. The first defendant is Somerville Brewing Company doing business as American Fresh Brewhouse, LLC, doing business as American Fresh Brewhouse Beer Garden.

4. Somerville Brewing Company, a.k.a. Somerville Brewing Company Inc., is a Delaware corporation doing business in the Commonwealth of Massachusetts; the street address of the the Somerville Brewing Company's principal office, and its registered agent Jeff Leiter, is 1310 Broadway, Somerville, Massachusetts.

5. The second defendant is American Fresh Brewhouse, LLC, hereinafter referenced as the "American Fresh Brewhouse" or "second defendant", is a Massachusetts domestic limited liability corporation. The name and address of the second defendant's resident agent and manager is Jeff Leiter, office and business address 15 Ward Street, Somerville, Massachusetts.

6. The second defendant, American Fresh Brewhouse, LLC, is a wholly-owned subsidiary of, and operated and controlled by, the first defendant Somerville Brewing Company.

7. On May 28, 2016 the first defendant operated and controlled a restaurant in Somerville Massachusetts located at 301 Canal Street, Assembly Row, Somerville, MA 02143 called the American Fresh Brewhouse Beer Garden a.k.a. the American Fresh Beer Garden, hereinafter referenced as the "Beer Garden".

8. On May 28, 2016 agents servants and or employees of the second defendant operated the Beer Garden jointly with, and under the direct supervision and control of, the first defendant.

9. On May 28, 2016 the Beer Garden served food and alcoholic beverages to its customers. The licensee for the sale of alcoholic beverages by the Beer Garden was the first defendant, Somerville Brewing Company Inc., whose manager is listed on the ABCC liquor license as Caitlin Jewell.

10. The third defendant is Caitlin Jewell, whose listed addresses 82 Victoria St., Somerville, Middlesex County, MA.

11. On May 28, 2016 the third defendant, Caitlin M Jewell was the listed manager of the alcoholic beverage commission license (ABCC license number 113000174) for the Beer Garden located at 301 Canal St., Somerville, MA.

12. On May 28, 2016 Caitlin M Jewell was an officer of the Somerville Brewing Company Inc., the first defendant.

13. On May 28, 2016 Jeff Leiter, the fourth defendant, was the President of the Somerville Brewing Company (first defendant) and the listed manager of the "American Fresh Brewhouse" (second defendant).

14. On or about May 28, 2016 the first plaintiff, William Tauro, the second plaintiff, Marisa L. Tauro, William Tauro's stepson and his fiance', were lawful customers of the Beer Garden.

15. The plaintiffs proceeded into the restaurant for the purposes of ordering dinner and drinks with their stepson and his fiance' in the normal course of business.

16. The plaintiff's, their stepson and his fiance' were seated and they proceeded to order food and drink.

17. After being seated in the restaurant the plaintiffs became aware of, and observed, patrons of the restaurant acting in a drunken and boisterous manner which made the plaintiff uncomfortable, cautious and afraid for their personal safety.

18. As a result of their discomfort and growing concern about the obviously inebriated and drunken behavior of certain patrons of the restaurant, William Tauro requested on at least three occasions that the bartender and restaurant personnel cease serving the drunken patrons and remove the

obviously inebriated patrons from the restaurant as their drunken behavior was obnoxious,
distracting and was causing the plaintiffs to fear for their safety and for the safety of other patrons.

19. The restaurants' staff ignored the plaintiff's requests to stop serving and remove the inebriated and
drunken patrons whom the plaintiffs had pointed out to the restaurant staff.

20. The restaurants' staff made no effort to control the behavior of the drunken patrons, or remove
them, despite the fact that they were aware of the behavior as a result of their own observations,
including Mr. Leiter who was present and observed the drunken behavior of these customers.

21. Mr. Tauro's complaints to the restaurant staff as well as the continuing, unchecked and
progressively more boisterous and threatening drunken behavior of the inebriated patrons went
unheeded by the restaurant staff and by Mr. Leiter.

22. Despite the obvious inebriation of the restaurant patrons who were acting in a drunken and
disorderly manner, and the complaints of the plaintiff, the restaurant and wait staff continued to
serve, and overserve, the obviously inebriated patrons with alcoholic beverages.

23. One of the obviously inebriated, intoxicated, aggressive and disruptive patrons whom the plaintiffs
had observed being served alcoholic beverages by agents servants and/or employees of the
approached the table occupied by the plaintiffs and proceeded to accost the plaintiffs in a drunken,
harassing and threatening manner.

24. The continuing and progressively more obnoxious and dangerous drunken behavior of the patrons
towards the plaintiffs was observed by agents servants and or employees of the defendant who did
nothing to prevent the behavior and, instead encouraged it by continuing to overserve alcoholic
beverages to those customers.

25. Observing that the restaurant staff personnel were not going to intercede to calm or stop the
drunken patrons behavior, or remove the inebriated individuals from their restaurant, the plaintiff
William Tauro directly requested that the inebriated patron who had come to their table stop

Tauro.CMP/CV                                    4

harassing him and his guests while they were trying to eat and to leave him and his family alone to have dinner.

26. In response to Mr. Tauro's request to the drunk patron to leave him and his guests in peace to have their dinner, the drunk patron threw Mr. Tauro violently into his table causing him to hit the table and then fall hard to the ground seriously injuring him, including an injury to his shoulder which was later diagnosed as a torn rotator cuff that required surgery and a substantial period of painful rehabilitation.

27. Jeff Leiter was present in the restaurant and observed the inebriated patrons unruly, drunken and riotous conduct and the physical attack on Mr. Tauro prior to, and during, the inebriated patron's physical attack of Mr. Tauro.

28. After he was thrown to the ground by the inebriated patron, Mr. Tauro told Mr. Leiter to call the police which Mr. Leiter initially refused to do, instead calling an elderly man incapable of handling the situation. Mr. Tauro again demanded that the police be called and Mr. Leiter finally did so.

29. After the police arrived, William Tauro went outside the restaurant area to talk to the police. While Mr. Tauro was speaking to the police, he attempted to take a photograph of Mr. Leiter for the Somerville Weekly but was prevented from doing so by Mr. Leiter when Mr. Leiter struck Mr. Tauro, seized the telephone and threw the telephone, damaging it and rendering it unusable.

### Count 1:
### Somerville Brewing Company
### Negligence, Dram Shop Claim

30. The plaintiff incorporates paragraphs 1 through 29 of this complaint in this Count 1.

31. The plaintiff went to the Beer Garden with his wife, stepson and his fiance' in order to have meal and ordered drinks and food. After the plaintiff observed the drunken and rowdy behavior of certain patrons at the bar, he complained to the bartenders on at least three occasions.

32. The bartenders ignored the plaintiff's complaints regarding the drunken behavior of the bar patrons

and did nothing to alleviate the issue reported by the plaintiff.

33. One of the intoxicated patrons, whom the plaintiff had observed being overserved numerous times, approached the table that the plaintiff was occupying with his family for dinner at the Beer Garden in a drunken and aggressive manner creating a reasonable fear in the plaintiff and his guests that one or all of them were not only the target of aggressive and oral harassment but were about to be physically attacked.

34. As a result of the inebriated patrons behavior, and in fear of an imminent physical assault, the plaintiff stood and requested that the inebriated patron leave him and his family alone so that they could have dinner in peace and leave the area of their table.

35. In response to the plaintiff's request that the inebriated patron leave him and his family alone so that they could have dinner in peace, the intoxicated patron physically and violently threw Mr. Tauro into the dining table and causing him to fall to the ground, injuring his shoulder.

36. Prior to and during the time of the incident alleged, the bar and restaurant staff witnessed the occurrence of the intoxicated patron's unruly, riotous conduct, and failed to act and continued to overserve the patrons with alcoholic beverages despite the patrons obvious intoxication.

37. During the time of the incident Jeff Leiter was present on the premises having dinner. Mr. Leiter personally witnessed the occurrence of the intoxicated patron's unruly, riotous conduct, failed to act, or act reasonably, to instruct others to act to protect the plaintiff and other patrons in the Beer Garden, and did not instruct his employees to cease serving alcoholic beverages to the obviously intoxicated patrons.

38. During the period of time that the plaintiff and his guests were in the Beer Garden, obviously intoxicated Beer Garden patrons were being served with alcoholic beverages and there was an evident lack of security on the premises.

39. After the bartender recklessly disregarded the plaintiff's numerous requests that the obviously

drunk customers be shut off and removed from the restaurant for the safety and well being of the other Beer Garden customers, one of the rowdy and intoxicated patrons physically attacked and injured William Tauro in the presence of Beer Garden staff and the manager, Jeff Leiter.

40. The Somerville Brewing Company Inc. had a duty to provide a secure and safe environment for its customers and not to create, and/or encourage, an environment which either encouraged or failed to control reasonably foreseeable drunken and obstreperous behavior on the premises creating a reasonably foreseeable risk of danger to other Beer Garden patrons.

41. Agents, servants and/or employees of the Somerville Brewing Company at the Beer Garden, acting with ordinary prudence and in compliance with Massachusetts law against serving inebriated customers, should have refrained from serving liquor to the obviously inebriated patrons who then attacked and battered William Tauro and caused him to suffer serious physical injury.

42. The Beer Garden staff's, who were trained, supervised and employed by agents servants and or employees of the first and second defendants, failed and refused to maintain the safety and security of its patrons within its licensed premises and breached its duty of care to those patrons.

43. As a result of Somerville Brewing Company Inc.'s breach of it's duty of care owed to patrons by an establishment that is issued a license to sell alcoholic beverages to the public, the plaintiff was physically attacked and suffered injuries to his shoulder, along with medical expenses incurred as a result of such damages incurred as a result of the Beer Garden manager licensee's negligence in breach of his duty of care and failure to maintain the safety of the premises for patrons of the licensed establishment.

WHEREFORE, plaintiff demands judgment as set forth below.

A. Medical costs in any way related to the physical and/or emotional injury suffered by the plaintiff an amount to be determined by the trier of fact;

B. A sum determined by the trier of fact to be provided to the plaintiff for his emotional distress and upset, physical injuries, upset and loss of enjoyment of life related to the incident;

C. Legal fees and costs of litigation.

## Count #2: American Fresh Brewhouse, LLC
## Negligent Failure to Protect Patrons/Dram Shop Claim

44. The plaintiff incorporates paragraphs 1 through 43 of this complaint in this Count 2.

45. The American Fresh Brewhouse LLC., its agents, servants and/or employees, in conjunction with and under the supervision of Somerville Brewing Company Inc. and Caitlin Jewell, had a duty to reasonably investigate, train and to supervise its employees to act in  manner that did not cause unreasonable risk of injury and/or injury to its patrons.

46. The defendant, its agents, servants and/or employees, negligently failed in its duty to reasonably investigate, train and to supervise its employees to act in  manner that did not expose lawful patrons to an unreasonable risk of injury and/or actual injury to its lawful patrons and as a proximate result of that negligent failure to investigate, train and/or supervise its door employees, agents and/or servants. The defendant is responsible for the injuries caused by its agents, servants and/or employees to the plaintiff.

47. As a result of the defendant, its agents, servants and/or employees, negligence, the plaintiff was physically attacked  and suffered severe personal injuries and as a result of those injuries the plaintiff has incurred medical bills and expenses, severe emotional distress and upset and a loss of enjoyment of life.

48. As a result of the defendant, its agents, servants and/or employees, negligence, the plaintiff suffered severe personal injuries resulting in lost time at work and lost income.

Wherefore, the plaintiff demands a judgment and monetary award for his medical bills, costs and expenses,  for his emotional distress and upset, pain and suffering, for his loss of enjoyment of life,

and for fees and costs of litigation and, if the court so determines, attorney's fees.

### Count #3: Caitlin Jewell
### Negligent Failure to Protect Patrons/Dram Shop Claim

49. The plaintiff incorporates paragraphs 1 through 48 of this complaint in this Count 3.

50. Caitlin Jewell (hereinafter referenced as "Jewell") is the listed manager on the liquor license granted to Somerville Brewing Company Inc. by the Town of Somerville pursuant to Massachusetts General Laws Chapter 138.

51. Jewell, personally and in her corporate capacity had a duty to adequately supervise the Beer Garden's agents, servants and/or employees, in their conduct of serving alcoholic beverages to restaurant patrons and had a duty to take reasonable action to secure the safety of Beer Garden patrons from the actions of intoxicated persons on the Beer Garden premises.

52. Jewell, as the listed manager on the liquor license, was charged with directly supervising the conduct of the bartenders and servers of the Beer Garden.

53. Caitlin Jewell personally, in her corporate capacity and as manager, failed in her duty, as required by the ABCC liquor license, to adequately supervise the Somerville Brewing Company Inc.'s agents, servants and/or employees, in their conduct of serving alcoholic beverages to Beer Garden patrons and failed in her duty to take reasonable action to secure the safety of restaurant patrons from the actions of intoxicated persons on the restaurant premises.

54. Caitlin Jewell failed to exercise due care, which duty extends beyond the duty of due care, to prevent the negligent service of alcoholic beverages to intoxicated customers at the licensed premises, in order to reasonably ensure and protect the personal safety and security of the Beer Garden's customers, in particular William Tauro, within the premises.

55. Caitlin Jewell personally, in her corporate capacity and as manager failed to implement adequate security measures under the circumstances, willfully and/or negligently creating a foreseeable risk of injury to the patrons of the Beer Garden, including the plaintiff.

56. As a result of the defendant, Caitlin Jewell's, breach of her duty of care as the manager of a business licensed to sell alcoholic beverages to customers on its premises by the Commonwealth of Massachusetts and the City of Somerville, the plaintiff was attacked and physically battered, causing him to suffer serious personal injury, severe emotional distress, physical pain, loss of enjoyment of life and to incur medical expenses proximately related to those injuries.

Wherefore, the plaintiff demands a judgment and monetary award for his medical bills, costs and expenses, for his emotional distress and upset, pain and suffering, for his loss of enjoyment of life, and for fees and costs of litigation and, if the court so determines, attorney's fees.

## Count #4: Jeff Leiter
### Negligent Failure to Protect Patrons/Dram Shop Claim

57. The plaintiff incorporates paragraphs 1 through 56 of this complaint in this Count 4.

58. Jeff Leiter personally, in his corporate capacity and as manager, failed in his duty, as president of Somerville Brewing Company Inc. and manager of American Fresh Brewhouse LLC while on the premises of the Beer Garden to take reasonable action to secure the safety of restaurant patrons from the actions of intoxicated persons on the restaurant premises.

59. Jeff Leiter personally, in his corporate capacity and as manager, failed in his duty, as president of Somerville Brewing Company Inc. and manager of American Fresh Brewhouse LLC, to adequately and reasonably train and supervise the employees of the Beer Garden and to reasonably secure the safety of restaurant patrons from the actions of intoxicated persons on the restaurant premises.

60. Jeff Leiter personally, in his corporate capacity and as manager failed in his duty, as president of

ɒ    Somerville Brewing Company Inc. and manager of American Fresh Brewhouse LLC failed to

implement adequate security measures, willfully, and/or negligently, creating a foreseeable risk of

injury to the patrons of the Beer Garden, including the plaintiff.

61. As a result of the defendant, Jeff Leiter's, breach of his duty of care to provide adequate security

ɒ    measures under the circumstances to patrons of a properly licensed business that serves intoxicating

beverages to its customers as part of its business, the plaintiff was attacked and battered causing

him to suffer serious personal injury, suffered emotional distress, physical pain, loss of enjoyment

of life and incur medical expenses as a result of his injury.

Wherefore, the plaintiff demands a judgment and monetary award for his medical bills, costs

and expenses, for his emotional distress and upset, pain and suffering, for his loss of enjoyment of life,

and for fees and costs of litigation and, if the court so determines, reasonable attorney's fees.

## Count #5: Jeff Leiter
## Civil Battery

62. The plaintiff incorporates paragraphs 1 through 61 of this complaint in this Count 5.

ɒ  63. Jeffrey Leiter assaulted and battered William Tauro by attacking and striking the Mr. Tauro, seizing

Mr. Tauro's telephone and breaking it to prevent the plaintiff from taking a news photograph while

he was reporting the attack on him by drunken Beer Garden patrons to the police.

ɒ  64. As a result of the defendant, Jeff Leiter, attacking and battering Mr. Tauro immediately after he was

assaulted and battered by drunken Beer Garden patrons, continuing the assault on Mr. Tauro, Mr.

Tauro endured injuries to his shoulder, along with medical expenses incurred, emotional distress

and upset, pain and suffering, for his loss of enjoyment of life

Wherefore, the plaintiff demands a judgment and monetary award for his medical bills, costs and expenses,  for his pain and suffering, for his loss of enjoyment of life, and for fees and costs of litigation and, if the court so determines, attorney's fees.

### Count #6: Jeffrey Leiter
### Destruction of Property

65.  The plaintiff incorporates paragraphs 1 through 64 of this complaint in this Count 6.

66.  When Jeffrey Leiter joined in the physical assault on the plaintiff by attacking, striking him and seizing his telephone and breaking it to prevent the plaintiff from taking a news photograph, the defendant, Leiter, damaged  Mr. Tauro's telephone, breaking it.

67.  Said telephone was of a value of over two hundred and fifty dollars ($250.00).

Wherefore, the plaintiff demands a judgment and monetary award in such an amount as compensates the plaintiff, William Tauro, for the damage and breakage to his personal property.

### Count #7: Marisa L. Tauro
### Loss of Consortium

68.  The plaintiff incorporates paragraphs 1 through 67 of this complaint in this Count 7.

69.  As a proximate result of the defendant, its agents, servants and/or employees, negligence, failure to act and battery upon her husband William Tauro, Marisa Tauro was deprived of the normal familial benefits, companionship and marital relations arising from her marriage.

Wherefore, the plaintiff demands a judgment in an amount to be determined by the trier of fact as a result of the loss of consortium proximately related to the injuries suffered by William Tauro and the resulting loss of familial contact and enjoyment of life to the second plaintiff and spouse of William Tauro, Marisa L Tauro.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS
By the Attorney for the Plaintiffs

Anthony Gargano, Esquire  BBO#: 185540
of counsel: H. Brooks Whelan, Jr., Esq. BBO#: 524440
149 Cambridge Street
Cambridge, MA 02141
Telephone: (617) 876-6780 / Facsimile': (617) 8686765

Tauro.CMP/CV                    13

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX,ss.

TRIAL COURT DEPARTMENT
SUPERIOR COURT
DOCKET No. 18-CV -2227

**WILLIAM TAURO,** and **MARISA L. TAURO,**
Plaintiff's

v.

**SOMERVILLE BREWING COMPANY d/b/a
AMERICAN FRESH BREWHOUSE BEER
GARDEN**
and
**AMERICAN FRESH BREWHOUSE, LLC,**
and
**CAITLIN M. JEWELL,** Manager/Licensee of
American Fresh Brewhouse, LLC and
American Fresh Brewhouse Beer Garden
and
**JEFF LEITER,** personally and President of
Somerville Brewing Company, and Manager of
American Fresh Bewhouse, LLC,
Defendants



**AFFIDAVIT OF WILLIAM TAURO**

1. My name is William Tauro, I reside at 60 Ferncroft Road, Tewksbury Massachusetts with my wife Marisa L. Tauro and I make this affidavit to the best of my present memory, knowledge and belief.

2. On or about May 28, 2016 my wife, myself, my stepson and his fiance' went to the American Fresh Brewhouse LLC, located at Assembly Row in Somerville, Massachusetts for dinner.

3. We proceeded normally into the tavern for the purposes of ordering dinner, we were seated and we proceeded to order food and drinks.

4. After being seated I became aware of, and observed, certain patrons of the tavern acting in a drunken and boisterous manner which made me uncomfortable, cautious and afraid for my safety and the safety of my wife, stepson and his fiance'.

1

5.  Because of my increasing discomfort and growing concern about the obviously inebriated and drunken behavior of some of the patrons of the tavern, I made at least three requests of the restaurant's personnel that the tavern stop serving the drunken patrons and ask the obviously inebriated patrons to leave the tavern as their drunken behavior was obnoxious, distracting and was causing me and my party to be uncomfortable and to fear for our safety and personal well-being.

6.  However, the restaurants' staff ignored my requests, ignored the obviously inebriated and drunken behavior of the patrons that I had complained about and identified to the tavern staff.

7.  The restaurants staff, including the bartender, made no effort to control the obviously inebriated and drunken behavior of the drunken patrons. In fact, the bartender continue to serve these obviously drunk and obstreperous persons and made no effort to remove them or control their behavior in spite of my complaint and in spite of the fact that they clearly were aware that the persons they were serving alcoholic beverages to were obviously drunk and acting in a confrontational, objectionable, disorderly and dangerous manner.

8.  I became aware during this incident that Jeff Leiter, the manager and listed license holder of the liquor license for the establishment was seated near me at a table with a female during this incident and observed the drunken, disorderly, obnoxious and confrontational behavior of the restaurant's patrons, who were being overserved by the restaurant staff, without making any effort to supervise his employees and to control the behavior of the drunken patrons.

9.  One of the obviously inebriated, intoxicated, aggressive and disruptive patrons whose drunken and disorderly behavior I had pointed out to the restaurants employees approached my table and proceeded to accost me, my wife, stepson and his fiance' in a drunken, harassing and threatening manner.

2

10. This behavior of the drunken patrons towards me, my wife, stepson and his fiance' was observed by agents servants and or employees of the restaurant and by Mr. Leiter.

11. Despite the obviously drunken and increasingly disorderly and dangerous behavior of these restaurant patrons who were now actively harassing us the restaurant staff, and Mr. Leiter, did nothing to protect us or other people in the restaurant from this behavior.

12. In order to protect myself, my wife and my stepson from the obviously increasingly dangerous behavior of the drunken patrons who had singled us out and approached us to harass us and possibly assault us, I requested that the inebriated patron stop harassing us and leave us in peace so that we could enjoy our dinner.

13. In response to my request to the obviously drunk patrons who were now being confrontational with us directly, I requested that they leave us alone so that we could have dinner in peace. In response, one of the inebriated patrons that I had complained about to the restaurant staff threw me violently into our table causing me to hit the table and then fall hard to the ground seriously injuring me including an injury to my shoulder which was later diagnosed as a torn rotator cuff which required surgery and a substantial period of painful rehabilitation time.

14. During this entire period of time the owner and licensed manager of the tavern, Jeff Leiter, was present in the tavern and observed the inebriated patrons unruly, drunken and riotous conduct. When I asked Mr. Leiter to call the police he initially refused and called an elderly gentleman; I then demanded that he call the police which he finally did.

15. When the police arrived I went outside to talk to them. I am the publisher of the Somerville News Weekly, a Somerville newspaper, and while I was taking a picture of Mr. Leiter for the paper, Mr. Leiter struck the telephone from my hand and broke it in front of the police officers who proceeded to place Mr. Leiter under arrest for assaulting me. However, at my request the officers released him.

3

Under the pains and penalties of perjury this 29th Day of May, 2018

William Tauro

4

# ATTACHMENT #2



# CLERK'S NOTICE

**Trial Court of Massachusetts**
**The Superior Court**

| CASE NAME: | |
|---|---|
| Tauro, William et al vs. Somerville Brewing Company Doing Business as American Fresh Brewhouse Beer Garden et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |

| TO: | COURT NAME & ADDRESS |
|---|---|
| Anthony F Gargano, Esq.<br>Law office anthony gargano<br>149 Cambridge St<br>Cambridge, MA 02141 | Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

You are hereby notified that on  the following entry was made on the above referenced docket:

| DATE ISSUED | ASSOCIATE JUSTICE/ ASSISTANT CLERK | SESSION PHONE# |
|---|---|---|
| 10/11/2019 | | (781)939-2745 |

DOCKET NUMBER
1881CV02227

| CASE NAME: | |
|---|---|
| Tauro, William et al<br><br>vs.<br><br>Somerville Brewing Company Doing Business as American Fresh Brewhouse, dba Cambridge | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| | COURT NAME & ADDRESS |
| | Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

In light of the fact that a suggestion of Defendant's bankruptcy (Jeff Leiter, Personally and as President of Somerville Brewing Company, and Manager of American Fresh Brewhouse, LLC.) has been filed and that further proceedings in this action have become impossible because of the automatic stay provisions of the Bankruptcy Act, it is hereby **ORDERED** as follows:

1. All proceedings in this action are stayed until further order of the Court.

2. Plaintiff(s) shall file with the Court not later than six months from the date of this order and at not later than six month intervals thereafter a status report stating either that the bankruptcy proceedings are continuing or that said proceedings have concluded and the plaintiff seeks an order vacating the stay described in Paragraph 1.

3. In the event that plaintiff files a status report seeking an order vacating the stay, the Court will, after notice to the defendant, hold a hearing to determine whether the stay should be lifted and the case restored to an active status.

4. Plaintiff's **failure** to file in timely fashion any status report described in paragraph 2 hereof will be deemed to be a statement that the plaintiff has no continuing interest in the claim this action embodies and will result in the dismissal of the case in accordance with Mass. R. Civ. P. 41(b).

| DATE ISSUED<br><br>**10/11/2019** | ASSOCIATE JUSTICE | CLERK MAGISTRATE/ ASSISTANT CLERK<br><br>X | SESSION PHONE# |
|---|---|---|---|

Date/Time Printed: 10-11-2019 14:07:29

SCV108\ 11/2014

# ATTACHMENT #3

**The Hanover**
Insurance Group®

Liability Unit
PO Box 15148
Worcester  MA  01615-0148
Telephone: 800-628-0250 Ext: 4716815
Fax Number: 508-926-5660

August 31, 2016

LAW OFFICES OF ANTHONY GARGANO
149 CAMBRIDGE STREET
CAMBRIDGE  MA  02141

Re:   Our Insured:  SOMERVILLE BREWING CO INC
      Claim Number:  15-00767323 000
      Date of Loss:  05/28/2016
      Pertains to:  William Tauro

Dear Attorney Gargano:

Please be advised that I am in receipt of your letter of representation pertaining to the
bodily injury claim being pursued by William Tauro.

Per your request, our insured had a commercial general liability policy in force on the date
of loss with applicable limits of $1,000,000 / $2,000,000.  It is my understanding that you
are putting together medical documentation and investigative materials to support your
theory of liability against our insured.  I look forward to seeing them and will review them
promptly upon receipt.

Should you have any questions or concerns please do not hestitate to contact me directly
at a time of your convenience.

Sincerely,

*Jason Patch*

Jason  Patch
Regional Liability Adjuster
Massachusetts Bay Insurance Company

271-5657 (5/16)

**Fraud Warning Statement for all States (except as individually listed below):**

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects that person to criminal and civil penalties (In Oregon, the aforementioned actions may constitute a fraudulent insurance act which may be a crime and may subject the person to penalties). (In New York, the civil penalty is not to exceed five thousand dollars ($5,000) and the stated value of the claim for each such violation). (Not applicable in AL, AR, AZ, CA, CO, DC, FL, KS, LA, ME, MD, MN, NM, OK, PR, RI, TN, VA, VT, WA and WV).

**APPLICABLE IN AL, AR, DC, LA, MD, NM, RI, TX (Workers' Compensation Only), and WV:** Any person who knowingly (or willfully in MD) presents a false or fraudulent claim for payment of a loss or benefit or who knowingly (or willfully in MD) presents false information in an application for insurance is guilty of a crime and may be subject to fines or confinement in prison.

**APPLICABLE IN ARIZONA:** For your protection Arizona law requires the following statement to appear on this form. Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties.

**APPLICABLE IN CALIFORNIA:** For your protection California law requires the following to appear on this form or other explanatory words of similar meaning: Any person who knowingly presents false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

**APPLICABLE IN COLORADO:** It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado Division of Insurance within the department of regulatory agencies.

**APPLICABLE IN DELAWARE, FLORIDA and OKLAHOMA:** Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony (In FL, a person is guilty of a felony of the third degree).

**APPLICABLE IN KANSAS:** Any person who, knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented to or by an insurer, purported insurer, broker or any agent thereof, any written statement as part of, or in support of, an application for the issuance of, or the rating of an insurance policy for personal or commercial insurance, or a claim for payment or other benefit pursuant to an insurance policy for commercial or personal insurance which such person knows to contain materially false information concerning any fact material thereto; or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act.

**APPLICABLE IN MAINE, TENNESSEE, VIRGINIA, WASHINGTON AND NORTH CAROLINA:** It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines or a denial of insurance benefits.

**APPLICABLE IN INDIANA:** A person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete, or misleading information commits a felony.

**APPLICABLE IN KENTUCKY:** Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

**APPLICABLE IN NEW HAMPSHIRE:** Any person who with a purpose to injure, defraud or deceive any insurance company, files a statement of claim containing false, incomplete or misleading information is subject to prosecution and punishment for insurance fraud, as provided in RSA 638:20.

**APPLICABLE IN MINNESOTA:** A person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime. **MN Workers' Compensation Only:** Any person who with intent to defraud, receives workers compensation benefits to which the person is not entitled by knowingly misrepresenting, misstating, or failing to disclose any material fact is guilty of theft and shall be sentenced pursuant to s 609.52, subdivision 3.

**PENNSYLVANIA Motor Vehicle Only:** Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and payment of a fine of up to $15,000.

LAW OFFICES
OF
# ANTHONY F. GARGANO

LECHEMERE SQUARE
149 CAMBRIDGE STREET, CAMBRIDGE, MASS. 02141

TEL: (617) 876-6780

FAX: (617) 868-6765

11/4/2019

U.S. Bankruptcy Court
J.W. McCormack Post Office & Court House
5 Post Office Square, Suite 1150
Boston, MA 02109-3945

Re:   In Re: Somerville Brewing Company, Debtor

Case Number: 19-13300-FJB

Dear Sir/Madam

Enclosed for docketing/filing in the above-referenced matter, please find the following:

1.  Petitioners' Motion to Vacate Automatic Stay;

Please docket in your usual manner.

Thank you for your attention to this matter.

Thank You,

Anthony Gargano
Counsel for Petitioners, William and Marisa Tauro
Law Offices of Anthony F. Gargano

cc:   John P. Fitzgerald III
      Assistant United States Trustee
      Office of The United States Trustee
      5 Post Office Square, Suite 1000
      Boston, MA 02109-3934

      Daniel S. McInnis, Esquire
      The Hanover Law Group
      225 Friend Street, Suite 505
      Boston, MA 02114

      Nina M. Parker
      Parker & Associates LLC
      10 Converse Place, Suite 201
      Winchester, MA 01890