### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: ) | |
| ) | |
| **SOMERVILLE BREWING COMPANY** ) | Chapter 11 |
| ) | Case No. 19-13300-FJB |
| **DEBTOR** ) | |
| ) | |

## APPLICATION TO EMPLOY BUSINESS BROKER

NOW COMES Somerville Brewing Company ("Debtor" and/or "Somerville Brewing") the Debtor and Debtor-in-Possession (the "Debtor") by and through counsel and, pursuant to 11 U.S.C. § 327, Fed. R. Bankr. P. 2014 and MLBR 2014-1, respectfully applies for an order authorizing it to employ Corbett Restaurant Group to represent the Debtor as the business broker in connection with the sales of the Debtor's locations at 15 Ward Street, Somerville, MA 02143 (the "**Boynton Yards**" location) and 490 Foley Street, Somerville, MA 02145 ( the "**Assembly Row**" location") (collectively the "Locations").

In support of this application, the Debtor represents the following:

1. This Court has jurisdiction to consider this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On September 27, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor seeks to employ Corbett Restaurant Group ("Corbett") for the purpose of marketing and selling the Locations of the Debtor. Corbett is the leading commercial real estate firm located in Boston that specializes in the sale and leasing of restaurants and other types of hospitality business

4. Under the terms of the proposed employment, the Debtor has agreed, subject to this Court's approval, to pay Corbett a commission upon sale equal to ten (10%) percent of the agreed upon purchase price of the Location or Ten Thousand ($10,000) Dollars, which ever is greater in accordance with the terms detailed in the Agreement for Exclusive Right to Sell

Business for each of the locations (the "Agreements"). See List Agreement attached as Exhibit 1.

5. The Boynton Yard and Assembly Row locations will be marketed separately although offers for the Locations will also be entertained.

6. The listing price for the respective locations shall be determined based upon the highest and best offer price for each location or a collective offer for the Locations.

7. The Locations are in excellent condition and it is anticipated that there will be considerable interest in acquiring each location.

8. To the best of the Debtor's knowledge, Corbett and the agents and brokers of Corbett do not hold or represents any interest adverse to the Debtor, the creditors, or to the chapter 11 estate and are a "disinterested person" as that term is defined by the Bankruptcy Code.

9. To the best of the Debtor's knowledge, Corbett has no prior connections with the Debtor, the creditors, or any other party in interest

10. The Debtor submits herewith as Exhibit 2, the affidavit of Todd L. Smith attesting to the disinterestedness and qualifications of himself and Corbett.

WHEREFORE, the Debtor respectfully requests the entry of an Order authorizing it to employ Corbett Restaurant Group and Todd C. Smith as the business broker for the sale of the Boynton Yards location and the Assembly Row location and granting such other relief as the Court deems just and proper.

Respectfully submitted,
Somerville Brewing Company
By its attorney,

Dated: November 11, 2019

/s/ Nina M. Parker
Nina M. Parker (BBO #389990)
Marques C. Lipton (BBO #676087)
Parker & Lipton
Parker & Associates LLC
10 Converse Place, Suite 201
Winchester, MA 01890
(781)729-0005
nparker@parkerlipton.com

**EXHIBIT 1**



# AGREEMENT FOR EXCLUSIVE RIGHT TO SELL BUSINESS

Name of Business:    Somerville Brewing Company & Taproom
Business Address:    15 WARD ST, SOMERVILLE MA, 02143

This Agreement is made, this 1st day of November, 2019, by and between Corbett Restaurant Group, LLC ("Broker") and Somerville Brewing Company ("Seller"), located at 15 Ward Street, Somerville, MA 02143 doing a retail business as Somerville Brewing Company & Taproom (the "Business").

The Seller and Broker agree as follows:

The Broker accepts and agrees to sell the retail Business, including the taproom (restaurant/drinking establishment), kitchen, mezzanine/loft space and interest in the real estate lease for such operation using its best efforts. The Seller agrees to give the Broker irrevocable and exclusive right, during the Term, to sell the above described Business, exclusive of the brewhouse equipment, brewing tanks, canning line, air compressor, kegs and other equipment and supplies related to the Seller's production and wholesale business stored on or off site (the "Excluded Items"). Broker may solicit offers for the Excluded Items, including offers of a package including the Business and all Excluded Items, which shall be considered by Seller, and subject to the Broker's Commission if a sale is consummated.

LISTING PRICE

1. **Price.** That price which shall be determined to be the highest and best offer price that the market will reasonably support, and that which is acceptable to the Seller, exclusive of inventory.

OBLIGATIONS OF SELLER

2. Seller shall cooperate with the Broker in all aspects of the proposed transaction.

3. Seller shall refer all inquiries and offers for the purchase of the Business to the Broker.

4. Seller warrants that the listing information provided to the Broker is correct and agrees to defend, indemnify and hold harmless Broker from all claims, disputes and/or litigation arising from said information.

5. Seller agrees that Broker shall hold all deposits for this transaction until comsummation of a sale.

BROKER'S COMMISSION

6. **Commission:** The Broker will be paid its commission of ten (10%) percent of the agreed upon purchase price for the Business, or Ten Thousand ($10,000) Dollars, whichever is greater, at closing or upon the occurrence of any of the following events:

    a. The Business, or any interest therein, exclusive of the Excluded Items above, if they are not part of an acceptable package acceptable to Seller, is sold, transferred or exchanged to any buyer through the efforts of anyone, including the Seller, during the term of this Agreement.
    b. A Buyer is procured ready, willing, and able to buy the Business in accordance with the price, terms, and conditions of this Agreement or any other price, terms, and conditions as shall be acceptable to Seller.
    c. Any buyer introduced to Seller by Broker obtains any beneficial interest in the business whatsoever, including but not limited to an interest as owner, shareholder, debtholder, manager, member, partner, officer, director, or agent. This provision shall survive the termination of this agreement and shall be binding upon Seller for a period of twenty-four (24) months subsequent to the termination date.



The purchase price for the Business shall include all cash, securities, notes, debt assumption and any other forms of consideration received by Seller in connection with the sale of the Business. Broker will be paid at closing.

TERM

7. **Term.** The term of this Agreement shall be from the date hereof _11/1/2019_ through and including _5/1/2020_. At the end of the Term, this agreement will stay in force until either party gives the other thirty (30) days prior written notice of termination. Parties agree that time is of the essence.

GENERAL PROVISIONS

8. **Attorney's Fees.** In the event it shall become necessary for the Broker to retain legal counsel in order to collect the commission due or enforce any other provision of the Agreement, the Broker shall be entitled to collect reasonable legal fees from the Seller in connection therewith.

9. **Binding Effect; Benefits.** This Agreement shall inure to the benefit of the parties hereto and shall be binding upon the parties hereto and their respective heirs, successors, and assigns. Except as otherwise set forth herein, nothing in this Agreement, expressed or implied, is intended to confer on any person other than the parties hereto or their respective heirs, successors, and assigns any rights, remedies, obligations, or other liabilities under or by reason of this Agreement.

10. **Governing Law.** The Agreement and all rights and obligations hereunder, including matters of construction, validity and performance shall be governed by the laws of the Commonwealth of Massachusetts. All parties submit themselves to the jurisdiction of the courts of Massachusetts, for all purposes with respect to the Agreement.

11. **Severability.** A determination that any provision or provisions of the Agreement is invalid, illegal or otherwise unenforceable in any respect in any instance shall not affect the validity, legality or enforceability of any other provision or provisions of the Agreement.

12. **Execution.** This Agreement is subject to approval by the U.S. Bankruptcy Court. The Agreement shall become effective when 1) Executed by all parties, and may be executed in counterparts, any one of which shall be deemed to be an original instrument; and 2) when authorized by the U.S. Bankruptcy Court having jursidiction over the Chapter 11 filing of Somerville Brewing Company, Case #19-133000.

13. **Entire Agreement.** The parties hereto agree that the Agreement constitutes the entire agreement between the parties relating to the subject matter of the Agreement and that there are no other agreements, understandings, representations or warranties made or given, except as expressly set forth herein. All prior agreements, understandings, letters and/or communications relating to the subject matter of the Agreement shall be null and void and shall be superseded by the Agreement, except as expressly set forth herein.

14. **Interpretation.** Should any provision of the Agreement require interpretation or construction, the parties hereto agree that the court, administrative body, or other entity interpreting or construing the Agreement shall not apply a presumption that the provisions herein shall be more strictly construed against one party by reason of the rule of construction that the provisions of a document shall be more strictly construed against the party who itself or through its representatives prepared same; it being agreed that the parties and their respective attorneys have fully participated in the preparation of all provisions of the Agreement.

15. **Authority.** The undersigned representatives of the Seller, when supported by an affirmative order from the U.S. Bankruptcy Court allowing for retention of the Broker as stipulated in this Agreement, represent, warrant and certify that s/he is authorized to execute the Agreement in the capacity indicated.



16. **Assignability.** The rights and obligations of the parties under this Agreement shall not be assignable except with the prior written consent of the other party hereto.

17. **Counsel.** This Agreement is a legal document that creates binding obligations. All parties have been advised and have been given an opportunity to consult an attorney.

Executed in duplicate as a sealed instrument this <u>5th</u> day of <u>November</u> 2019.

| Caitlin Jewell | *Caitlin Jewell, Secretary* | 8004281150 |
|---|---|---|
| Name of Seller | Signature | Phone |
| Jeff Leiter | *Jeff Leiter, President* | 8002786720 |
| Name of Seller | Signature | Phone |

*Todd C. Smith*
Agent/Broker of Corbett Restaurant Group

Ten Post Office Square 8th Floor Boston MA 02109
Tel: 617-948-3394 Fax: 617-249-0694 www.CorbettRestaurantGroup.com



## AGREEMENT FOR EXCLUSIVE RIGHT TO SELL BUSINESS

Name of Business:     American Fresh Brewhouse
Business Address:     490 Foley St, Somerville, MA 02145

This Agreement is made, this 1st day of November, 2019, by and between Corbett Restaurant Group, LLC ("Broker") and Somerville Brewing Company ("Seller"), located at 15 Ward Street, Somerville, MA 02143 doing a retail business as American Fresh Brewhouse at 490 Foley St., Somerville, MA 02145 (the "Business").

The Seller and Broker agree as follows:

The Broker accepts and agrees to sell the retail Business using its best efforts. The Seller agrees to give the Broker irrevocable and exclusive right, during the Term, to sell the above described Business, exclusive of the brewhouse equipment, brewing tanks, kegs and other equipment and supplies related to the Seller's production equipment (the "Excluded Items"). Broker may solicit offers for the Excluded Items, including offers of a package including the Business and all Excluded Items, which shall be considered by Seller, and subject to the Broker's Commission if a sale is consummated.

LISTING PRICE

1. **Price.** That which shall be determined the highest and best offer price that the market will reasonably support, and that which is acceptable to the Seller, exclusive of inventory.

OBLIGATIONS OF SELLER

2. Seller shall cooperate with the Broker in all aspects of the proposed transaction.

3. Seller shall refer all inquiries and offers for the purchase of the Business to the Broker.

4. Seller warrants that the listing information provided to the Broker is correct and agrees to defend, indemnify and hold harmless Broker from all claims, disputes and/or litigation arising from said information.

5. Seller agrees that Broker shall hold all deposits for this transaction until consummation of a sale.

BROKER'S COMMISSION

6. **Commission:** The Broker will be paid its commission of ten (10%) percent of the agreed upon purchase price for the Business, or Ten Thousand ($10,000) Dollars, whichever is greater, at closing or upon the occurrence of any of the following events:

    a. The Business, or any interest therein, exclusive of the Excluded Items above, if they are not part of a package acceptable to Seller, is sold, transferred or exchanged to any buyer through the efforts of anyone, including the Seller, during the term of this Agreement.
    b. A Buyer is procured ready, willing, and able to buy the Business in accordance with the price, terms, and conditions of this Agreement or any other price, terms, and conditions as shall be acceptable to Seller.
    c. Any buyer introduced to Seller by Broker obtains any beneficial interest in the business whatsoever, including but not limited to an interest as owner, shareholder, debtholder, manager, member, partner, officer, director, or agent. This provision shall survive the termination of this agreement and shall be binding upon Seller for a period of twenty-four (24) months subsequent to the termination date.

The purchase price for the Business shall include all cash, securities, notes, debt assumption and any other forms of consideration received by Seller in connection with the sale of the Business. Broker will be paid at closing.



TERM

7. **Term.** The term of this Agreement shall be from the date hereof _11/1/2019_ through and including _5/1/2020_. At the end of the Term, this agreement will stay in force until either party gives the other thirty (30) days prior written notice of termination. Parties agree that time is of the essence.

GENERAL PROVISIONS

8. **Attorney's Fees.** In the event it shall become necessary for the Broker to retain legal counsel in order to collect the commission due or enforce any other provision of the Agreement, the Broker shall be entitled to collect reasonable legal fees from the Seller in connection therewith.

9. **Binding Effect; Benefits.** This Agreement shall inure to the benefit of the parties hereto and shall be binding upon the parties hereto and their respective heirs, successors, and assigns. Except as otherwise set forth herein, nothing in this Agreement, expressed or implied, is intended to confer on any person other than the parties hereto or their respective heirs, successors, and assigns any rights, remedies, obligations, or other liabilities under or by reason of this Agreement.

10. **Governing Law.** The Agreement and all rights and obligations hereunder, including matters of construction, validity and performance shall be governed by the laws of the Commonwealth of Massachusetts. All parties submit themselves to the jurisdiction of the courts of Massachusetts, for all purposes with respect to the Agreement.

11. **Severability.** A determination that any provision or provisions of the Agreement is invalid, illegal or otherwise unenforceable in any respect in any instance shall not affect the validity, legality or enforceability of any other provision or provisions of the Agreement.

12. **Execution.** This Agreement is subject to approval by the U.S. Bankruptcy Court. The Agreement shall become effective when 1) Executed by all parties, and may be executed in counterparts, any one of which shall be deemed to be an original instrument; and 2) when authorized by the U.S. Bankruptcy Court having jurisdiction over the Chapter 11 filing of Somerville Brewing Company, Case #19-133000.

13. **Entire Agreement.** The parties hereto agree that the Agreement constitutes the entire agreement between the parties relating to the subject matter of the Agreement and that there are no other agreements, understandings, representations or warranties made or given, except as expressly set forth herein. All prior agreements, understandings, letters and/or communications relating to the subject matter of the Agreement shall be null and void and shall be superseded by the Agreement, except as expressly set forth herein.

14. **Interpretation.** Should any provision of the Agreement require interpretation or construction, the parties hereto agree that the court, administrative body, or other entity interpreting or construing the Agreement shall not apply a presumption that the provisions herein shall be more strictly construed against one party by reason of the rule of construction that the provisions of a document shall be more strictly construed against the party who itself or through its representatives prepared same; it being agreed that the parties and their respective attorneys have fully participated in the preparation of all provisions of the Agreement.

15. **Authority.** The undersigned representatives of the Seller, when supported by an affirmative order from the U.S. Bankruptcy Court allowing for retention of the Broker as stipulated in this Agreement, represent, warrant and certify that s/he is authorized to execute the Agreement in the capacity indicated.



16. **Assignment.** The rights and obligations of the parties under this Agreement shall not be assignable except with the prior written consent of the other party hereto.

17. **Counsel.** This Agreement is a legal document that creates binding obligations. All parties have been advised and have been given an opportunity to consult an attorney.

Executed in duplicate as a sealed instrument this 5th day of November 2019.

| Caitlin Jewell | *Caitlin Jewell, Secretary* | 8004281150 |
|---|---|---|
| Name of Seller | Signature | Phone |
| Jeff Leiter | *Jeff Leiter, President* | 8002786720 |
| Name of Seller | Signature | Phone |

*Todd C. Smith*
Agent/Broker of Corbett Restaurant Group

**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: ) | |
| ) | |
| SOMERVILLE BREWING COMPANY ) | Chapter 11 |
| ) | Case No. 19-13300-FJB |
| DEBTOR ) | |
| ) | |

## AFFIDAVIT OF TODD C. SMITH

I, Todd C. Smith, hereby state and depose that the following statement is true, accurate and based upon my personal knowledge:

1. I am a licensed agent/broker at the Corbett Restaurant Group with an office located at Ten Post Office Square, 8th Floor, Boston, Massachusetts.

2. The Debtor has requested my services and the services of Corbett Restaurant Group and has executed an Agreement for Exclusive Right to Sell Business for the sale of the two business locations 15 Ward Street, Somerville, MA 02143 (the "**Boynton Yards**" location) and 490 Foley Street, Somerville, MA 02145 ( the "**Assembly Row**" location") (collectively the "Locations").

3. I do not have any prior connections with the Debtor or the principals of the Debtor.

4. To the best of my knowledge, information and belief, I and each member or employee of Corbett Restaurant Group is a, "disinterested persons" as that term is defined in 11 U.S.C. Section 101(14).

5. I have not received any compensation or retainer from the Debtor for services to be rendered.

6. Pursuant to the proposed Agreement for Exclusive Right to Sell Business, the compensation shall be in the form of a commission equal ten percent (10%) of the purchase price of the Locations. In the event there is a buyer's agent or broker involved in the transaction a __4_% commission shall be payable to the buyer's broker. I have not otherwise agreed to share my compensation with any other person or firm, other than Corbett Restaurant Group.

7. I shall amend this statement immediately upon my learning that (A) any of the within representations are incorrect or (B) there is any change of circumstance relating thereto.

8. I have reviewed the provisions of MLBR 2016-1.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY:

Dated: _____11/11/2019_____

_____
Todd C. Smith

DocuSigned by:
Todd C. Smith
17EB95707539475...

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In Re: )
)
SOMERVILLE BREWING COMPANY ) Chapter 11
) Case No. 19-13300-FJB
DEBTOR )
)

## CERTIFICATE OF SERVICE

I, Nina M. Parker, do hereby certify that I have given either electronic notice, fax notice, and/or mailed, postage prepaid, copies of **Debtor's Application to Employ Business Broker** to the parties listed on the annexed service list.

/s/ Nina M. Parker
Nina M. Parker (BBO #389990)
Marques C. Lipton (BBO #676087)
Parker & Lipton
Parker & Associates LLC
10 Converse Place, Suite 201
Winchester, MA 01890
(781)729-0005
nparker@parkerlipton.com

Dated: November 11, 2019

## Electronic Mail Notice List

- Eric K. Bradford    Eric.K.Bradford@USDOJ.gov
- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- James C. Fox    jim_fox@riw.com, jcf@riw.com
- Honor S. Heath    honor.heath@eversource.com, honor.heath@hotmail.com
- James M. Liston    jml@bostonbusinesslaw.com
- Anthony M. Moccia    amoccia@eckertseamans.com
- Nina M. Parker    nparker@parkerlipton.com, rondag@parkerlipton.com;mlipton@parkerlipton.com;jbowman@parkerlipton.com
- Rion Vaughan    rmv@riw.com

## Via Email Notice

Somerville Brewing Company, c/o Jeffrey Leiter

Corbett Restaurant Group, c/o Todd C. Smith