**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

SOMERVILLE BREWING COMPANY                Case No. 19-13300-FJB
                                          Chapter 11
    Debtor.

**STIPULATION TO ENTRY OF ORDER APPROVING NON-MATERIAL**
**MODIFICATION OF PLAN REGARDING CRESTMARK VENDOR FINANCE**

Somerville Brewing Company (the "Debtor"), Crestmark Vendor Finance, a Division of MetaBank ("Crestmark") and Massachusetts Growth Capital Corpoation ("MGCC" and, collectively, the "Parties"), by and through their undersigned counsel, state as follows in support of their *Stipulation to Entry of Order Approving Non-Material Modification of Plan Regarding Crestmark Vendor Finance*:

    1.    On September 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

    2.    Crestmark is a secured creditor of the Debtor, have filed a proof of claim in this case in the amount of $130,713.00 on November 18, 2019 [Claim No. 13] (the "Crestmark Claim") secured by certain kegs (the "Crestmark Collateral") which Crestmark financed the purchase of prior to the Petition Date.

    3.    A portion of the Crestmark Collateral was located at the Ward Street location and was sold by the Debtor at the auction conducted at that location on or about August 20, 2020.

    4.    On October 2, 2020, the Debtor filed its *Combined Disclosure Statement and Liquidating Plan* [Doc. No. 244] (the "Plan") with the Court.  The Plan provides as follows with respect to the Crestmark Claim and the Crestmark Collateral, which are designated as Class Five:

1

<u>Class Five: Claims of Crestmark Vendor Finance, a division of MetaBank</u>. Class Five consists of the claim of Crestmark Vendor Finance ("Crestmark"), a creditor whose claim is secured by Franke Beer Kegs ("Kegs") as defined in the Schedules and defined as "Discrete Collateral" in the Sale Motion and the Order approving the Sale Motion. At the Petition Date, Crestmark asserted a claim secured by the Kegs with sums outstanding in the amounts of $130,713.00.

The Kegs upon which Crestmark asserted secured claims and which were located at Ward Street location were sold at Public Auction as follows:

(i) 473 Franke Beer 1/2 bbl Kegs: Auction sale price $23,825.00. The original lease cost was $44,968.11 and the balance due on the Petition date was $48,071.36. Payment, net of the Auctioneer shall be $21,290.82.

(ii) 11 Franke Beer 1/6 bbl Kegs: Auction sale price $200.00. The original lease cost was $778.58 and the balance due on the Petition date was $832.31. Payment, net of the Auctioneer shall be $178.73.

(iii) The Debtor shall abandon the remaining Frank Beer Kegs which are located at various distributors and other non-debtor locations, which locations have been disclosed to Crestmark. The remaining Kegs were not sold at Public Auction. The Debtor surrenders the Kegs to Crestmark, which in addition to the sum set forth in (i) and (ii) shall be in full satisfaction of the claim, Crestmark having received the indubitable equivalent of its claim and the asset being burdensome to the estate.

The Class Five Claimant shall be paid cash in the sum of $21,469.55 which together with the surrender of the remaining Kegs, wherever located, shall be in full satisfaction of the Allowed Class Five Claim, having received the indubitable equivalent of its claim. The Class Five claimant is impaired.

Plan, at p. 12-13.

5.  Subsequent to the filing of the Plan, Crestmark informally asserted certain objections regarding the proposed $21,469.55 distribution to Crestmark under the Plan.

6.  The Parties have agreed to resolve such objections by increasing the distribution payable to Crestmark under the Plan to $23,469.55. The parties submit that such modification constitutes a non-material modification of the Plan.

**WHEREFORE,** the Parties respectfully request that the Court enter the proposed order attached hereto as **Exhibit 1:** (a) authorizing the proposed non-material modification of the Plan contemplated herein, (b) increasing the distribution payable to Crestmark under the Plan to $23,469.55, and (c) granting such additional relief as the court deems proper.

Respectfully submitted by,

| | |
|---|---|
| **PARKER & LIPTON** | **JAFFE RAITT HEUER & WEISS, P.C.** |
| By: /s/ Nina M. Parker<br>Nina M. Parker (BBO 3899900)<br>10 Converse Place, Suite 201<br>Winchester, MA 01890<br>Phone: (781) 729-0005<br>nparker@parkerlipton.com | By: /s/ Paul R. Hage<br>Paul R. Hage (pro hac vice)<br>27777 Franklin, Suite 2500<br>Southfield, MI 48034<br>Phone: (248) 351-3000<br>phage@jaffelaw.com |
| *Counsel for Somerville Brewing Company* | *Counsel for Crestmark Vendor Finance, a Division of MetaBank* |

**HACKETT FEINBERG, P.C.**

By: /s/ James M. Liston
James M. Liston
155 Federal Street, 9th Floor
Boston, MA 02110
Phone: (617) 422-0200 ext 234
Jml@bostonbusinesslaw.com

*Counsel for Massachusetts Growth Capital Corporation*

Dated: October 19, 2020

## **Exhibit 1**
**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

SOMERVILLE BREWING COMPANY                    Case No. 19-13300-FJB
                                              Chapter 11
　　Debtor.

**ORDER APPROVING NON-MATERIAL MODIFICATION OF PLAN**
**REGARDING CRESTMARK VENDOR FINANCE**

Somerville Brewing Company (the "Debtor"), Crestmark Vendor Finance, a division of MetaBank ("Crestmark") and Massachusetts Growth Capital Corpoation ("MGCC" and, collectively, the "Parties") having filed the *Stipulation to Entry of Order Approving Non-Material Modification of Plan Regarding Crestmark Vendor Finance* (the "Stipulation");[1] and the Court being otherwise advised in the premises:

**IT IS HEREBY ORDERED:**

1.　　The proposed distribution to Crestmark in Class 5 of the Plan shall be increased from $21,469.55 to $23,469.55.  Such modification constitutes a non-material modification of the Plan.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Frank J. Bailey
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Stipulation.